

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-099-CR**
**NO. 2-08-100-CR**


LUIS CHAVARRI                                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                               STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Luis Chavarri appeals his convictions and sentences for aggravated sexual assault of a child under age fourteen and possession of child pornography. In a single point, he argues that his trial counsel provided constitutionally ineffective assistance of counsel. We will affirm.

------------

[1] *See* Tex. R. App. P. 47.4.

Chavarri entered open pleas of guilty to the offenses of aggravated sexual assault of a child under fourteen years of age and possession of child pornography. He testified at the punishment phase of the trial and detailed his criminal conduct. Chavarri's counsel called three other witnesses who gave testimony. The trial court found Chavarri guilty of both offenses and sentenced him to thirty-five years' confinement for the aggravated sexual assault offense and eight years' confinement for the possession of child pornography offense.

Chavarri argues in his sole point that because trial counsel's "entire goal was to achieve as lenient a sentence as possible," he was ineffective for failing to obtain a mitigation specialist to assist in the investigation and handling of the case. Chavarri contends that the trial court should have been presented with evidence of his life story from sources other than just the Pre-Sentence Investigation Report and his sister's testimony and that trial counsel "put on a halfhearted mitigation case."

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App.

2

2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). Thus, there is a substantial risk of failure when a claim of ineffective assistance of counsel is brought on direct appeal. *Thompson*, 9 S.W.3d at 813. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the

3

record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas*, 163 S.W.3d at 740 (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

Here, Chavarri did not develop the record to support his ineffective assistance claim by filing a motion for new trial. As such, there is no evidence in the record demonstrating why trial counsel did not hire a mitigation specialist, there is no evidence in the record illuminating the extent of trial counsel's investigation into Chavarri's background and life circumstances for possible mitigating evidence, nor is there any evidence in the record that mitigating

4

evidence existed to be discovered by a mitigation specialist. The silent record is thus not sufficiently developed to allow us to do more than speculate as to why trial counsel did not hire a mitigation specialist.[2] *See Mata*, 226 S.W.3d at 432. Although there are rare cases in which a record is sufficient for an appellate court to make a decision on the merits of an ineffective assistance of counsel claim, this is not one of those cases; trial counsel's alleged ineffectiveness is not so apparent from the record that "the inherent need for reversal is obvious." *See Remsburg v. State*, 219 S.W.3d 541, 546 (Tex. App.—Texarkana 2007, pet. ref'd).

Because Chavarri's allegation of ineffectiveness is not firmly founded in the record, he has not overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable representation. *See Salinas*, 163 S.W.3d at 740. Chavarri's ineffectiveness claim thus fails under the first *Strickland* prong. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Grijalva v. State*, No. 02-08-00018-CR, 2008 WL 4602252, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no pet.) (mem. op., not designated for

---

[2] Chavarri's argument relies heavily on *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527 (2003). *Wiggins* is procedurally distinguishable from this case because the petitioner in that case sought post-conviction relief in which he presented testimony supporting his ineffective assistance claim. *Id*. at 516–17, 123 S. Ct. at 2532–33. Here, Chavarri raises his ineffective assistance claim on direct appeal with a silent record.

publication) (addressing identical issue and reaching same conclusion); *see also Teixeira v. State*, 89 S.W.3d. 190, 193–94 (Tex. App.—Texarkana 2002, pet. ref'd) (overruling argument that counsel was ineffective for failing to request that a sexual offense expert be appointed to assist at trial or in mitigation of punishment because there was no showing in the record that an expert would have testified in a manner that would have benefitted appellant). We overrule Chavarri's sole point and affirm the trial court's judgments.

PER CURIAM

PANEL: MEIER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 2, 2009